# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4823 | **DATE** | 10/9/2003 |
| **CASE TITLE** | Howard vs. Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, plaintiff's motion to alter [26-1] or amend judgment [26-2] is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | OCT 0 9 2003 date docketed | |
| | Notified counsel by telephone. | | | 30 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK 03 OCT -9 AM 11:02 | | |
| | Copy to judge/magistrate judge. | | 10/9/2003 date mailed notice | |
| KF | courtroom deputy's initials | Date/time received in central Clerk's Office | KF mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

OCT 0 ? ----

DELBERT L. HOWARD,

    **Plaintiff,**

v.

JO ANNE B. BARNHART, Commissioner
of the Social Security Administration,

    **Defendant.**

No. 02 C 4823

Mag. Judge Michael T. Mason

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

On July 18, 2003, this Court entered a Memorandum Opinion and Order granting the Commissioner of Social Security's ("Commissioner") motion for summary judgment and denying Delbert Howard's ("Howard") cross motion for summary judgment. In that order we upheld the decision of the Administrative Law Judge ("ALJ") denying Howard's claim for Disability Insurance Benefits ("DIB") and Supplemental Social Security Income ("SSI") and finding him not disabled. Howard has filed a motion to reconsider pursuant to Federal Rule of Civil Procedure 59(e). For the following reasons, we DENY Howard's motion to reconsider.

*Background*

Howard worked as a computer operator from 1977 until 1998, when his job was eliminated in a corporate takeover. The new company provided him with the opportunity to continue working for them, but he declined the offer because of back pain that he had been experiencing since a 1987 automobile accident. Howard



30

originally filed concurrent DIB and SSI applications on May 25, 1999, which were denied and not appealed. Then on January 12, 2000, Howard filed new applications for DIB and SSI, alleging that he had been disabled since July 23, 1998, when he lost his job as a computer operator. Howard's claims were denied on March 24, 2000 and his request for reconsideration was denied on May 24, 2000. After a hearing before Administrative Law Judge ("ALJ") Michael McGuire, the ALJ issued an opinion on March 21, 2001 denying Howard's claim for DIB and SSI and finding that he was not disabled. The Appeals Counsel denied Howard's request for review and the ALJ's decision became the final decision of the Commissioner. Then Howard and the Commissioner filed cross motions for summary judgment before this court. On July 18, 2003 we upheld the decision of the ALJ, granting the Commissioner's motion for summary judgment and denying Howard's motion. Within ten days of our decision, on July 31, 2003, Howard filed this Rule 59(e) Motion to alter and amend our judgment.[1]

## Legal Analysis

Federal Rule of Civil Procedure 59(e) permits parties to file a motion to alter or amend a judgment no later than 10 days after entry of the judgment. Fed.R.Civ.P. 59(e). Motions for reconsideration serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationals De Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). 59(e) motions cannot be used to introduce new evidence that could have been adduced during the

---

[1] This short background is sufficient for this motion. A more extensive recitations of the factual history of this case is located in this Court's Opinion dated July 18, 2003. *Howard v. Barnhart*, No. 02 C 4823, 2003 WL 21697375 (N.D. Ill. July 18, 2003).

pendency of a previous motion or to raise new arguments or theories for the first time. *Id.* Motions to reconsider also may not simply rehash old arguments. *See Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).

Instead, a motion to reconsider is appropriate when the Court has "patently misunderstood a party, made a decision outside of the issues presented to the Court, or made an error not of reasoning, but of apprehension." *RKI, Inc. v. Grimes*, 200 F. Supp. 2d 916, 920 (N.D. Ill. 2002). The decision of whether to grant a Rule 59(e) motion "is entrusted to the sound judgment of the district court. . .." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

## *Discussion*

Howard has not presented any newly discovered evidence or identified a manifest error of law in his Rule 59(e) motion. This motion is merely an attempt to rehash an old argument and must fail. Howard's principal argument is that the ALJ failed to follow SSR 96-6p when he found that Howard retained a Residual Functional Capacity Assessment ("RFC") for "substantially" the full range of medium work. In other words, Howard is restating his arguments that the ALJ did not give proper weight to Dr. Orris' medical opinion and did not have a proper basis upon which to conclude that Howard was capable of performing medium work.

Howard already made these arguments in his motion for summary judgment and his reply to the Commissioner's cross motion for summary judgment and we disposed of each of them in our July 18, 2003 order on pages 11-16. We will not address these arguments again. We cannot reweigh the evidence presented to the Commissioner, no

3

matter how many time Howard asks us to do so. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997). The record before the ALJ provided him with an adequate basis upon which to conclude that Howard was capable of medium work and this Court did not make an error of apprehension.

*Green v. Apfel*, the only case cited by Howard in support of his argument, states that the ALJ must provide a rational basis for the denial of benefits and build a bridge from the evidence to the conclusion. *Green v. Apfel*, 204 F.3d 780, 781 (7th Cir. 2000). ALJ McGuire did precisely that and provided an adequate basis for concluding that Howard was capable of performing medium work. (Comm'n's Mot. for Summ. J. at 2-3). The ALJ based his decision on Howard's examinations by multiple doctors, x-rays of his lumbosacral spine, which came back normal, and the report of a state agency physician. (Comm'n's Mot. for Summ. J. at 3). The ALJ weighed all the evidence before him and made a decision supported by substantial evidence. *See Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997).

Therefore, Howard's 59(e) motion to alter and amend the judgment is DENIED. It is so ordered.

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: October 9, 2003

4